UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOON SIK MOON,

        Plaintiff,

                                            MEMORANDUM & ORDER
   v.                                       04-CV-1839 (NGG) (LB)

DANIEL LEE, TOTAL COMPANIES, LLC,        **NOT FOR PUBLICATION**
and JOHN DOE,

        Defendants.
------------------------------------------------------------X
GARAUFIS, United States District Judge.

      In this diversity action, Yoon Sik Moon ("Plaintiff"), proceeding pro se, has brought suit against Daniel Lee of Deco New York, Inc. ("Deco"), Total Companies, LLC ("Total"), and a John Doe defendant. The Plaintiff seeks to recover a real estate brokerage commission for property sold to Deco through Total, a transaction for which the Plaintiff contends he acted as the agent. On June 14, 2005, the court issued a Memorandum & Order ("June 14 M&O") granting Total's unopposed motion for summary judgment.

      On June 16, 2005, the Plaintiff, apparently unaware that the court had granted Total's motion for summary judgment, filed a "Notice of Change of Address and Answer to Oppose [] Summary Judgment." Through this submission the Plaintiff seeks either to oppose Total's motion for summary judgment or to vacate a grant of summary judgment if one has already been entered for Total. The Plaintiff argues that the court should accept his opposition brief or vacate the summary judgment decision because, having changed his address, he did not receive Total's motion for summary judgment and therefore was unable to answer. Total responds that the court should reject the Plaintiff's opposition because of its untimeliness and that, even if the court does

1

consider the Plaintiff's opposition, the court should uphold its summary judgment because the Plaintiff has failed to create a prima facie case which could survive summary judgment. For the following reasons, both the Plaintiff's opposition and motion to vacate are DENIED.

Familiarity with the facts and issues of the June 14 M&O is assumed.

## I. Discussion

The Plaintiff seems to contend that the court should accept his opposition brief because he temporarily changed addresses and therefore did not receive Total's motion for summary judgment. (Plaintiff's Opposition Brief at 1-2.)

When a party changes addresses, that party has an obligation to inform the court of the new address. Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997) (Glasser, J.); see also Local Rule 1.3(d) (requiring an attorney who has changed addresses to, inter alia, file a notice of change of address in pending cases). This rule applies not only to represented parties but also to pro se litigants. Concepcion, 1997 WL 777943, at *1; see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs"). "Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions." Michaud v. Williams, No. 98-CV-1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (magistrate judge's report and recommendation). When a pro se litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a

pro se litigant's claim because the litigant failed to inform the court of his current address and the court therefore had lost contact with him for two months).

Here, the Plaintiff provided an address with his complaint, and documents were thereafter sent to that address. (Pl. Compl. at 1.) Only after the June 14 M&O had been issued did the Plaintiff inform the court that he had changed his address and therefore had not received Total's motion for summary judgment. (Plaintiff's Opposition Brief at 1.) The Plaintiff provides no explanation as to why he did not have his mail forwarded or as to why he did not inform the court or Total of his new address. (See id. at 1-2.) It should also be noted that the Plaintiff failed to attend the January 20, 2005 hearing before Magistrate Judge Bloom during which the briefing schedule for this motion was established. The Plaintiff was absent despite the fact that one of Judge Bloom's clerks phoned him at his office concerning the hearing. (See January 20, 2005 Status Conference Transcript at 2.)

Although it is not entirely clear whether the Plaintiff was ever aware of the scheduling order established by Magistrate Judge Bloom, this lack of knowledge can only be attributed to a lack of due diligence on the part of the Plaintiff. By failing to update the court concerning his address and missing the scheduling conference before Magistrate Judge Bloom, the Plaintiff failed to diligently pursue his claim. In light of this disinterested approach, the court declines to extend the deadline by which he can submit his opposition brief. See Concepcion, 1997 WL 777943, at *1 (denying extension after plaintiff failed to inform court of change of address and therefore did not receive court documents).

Even if the court were to consider the merits of the Plaintiff's opposition, summary judgment for Total would still be appropriate because the Plaintiff has not provided any evidence

3

to make out a prima facie case that he is entitled to a commission.  As I explained in the June 14 M&O, in order to obtain a real estate commission from Total, the Plaintiff must have had a contract with Total and must have been the procuring cause of the real estate transaction in question.  (June 14 M&O at 5-8.)  At the time of the June 14 M&O, the record contained no evidence that either of these necessary elements existed, and the Plaintiff's opposition brief, which focuses primarily on the issue of whether individuals involved in the suit were properly licensed, fails to change this state of affairs.  Thus, even if the court were to consider the substance of the Plaintiff's brief, summary judgment would still be appropriate.

For the same reason, the court denies the Plaintiff's motion to vacate the entry of summary judgment.  Although the Plaintiff does not identify on what basis the court would vacate the judgment, it is clear that no matter the theory, the Plaintiff's motion is without merit.  The Plaintiff has submitted no new evidence that would alter this court's previous determination, nor has he even alleged facts that would allow his claim to survive summary judgment.

## II.     Conclusion

For the foregoing reasons, the court declines to accept the Plaintiff's opposition brief, and the Plaintiff's motion to vacate summary judgment is DENIED.


SO ORDERED.

Dated: August 9, 2005  
     Brooklyn, N.Y.

/s/ Nicholas Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge