UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOON SIK MOON,

        Plaintiff,

   v.

DANIEL LEE, TOTAL COMPANIES, LLC,
and JOHN DOE,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
**04-CV-1839 (NGG) (LB)**

**NOT FOR PUBLICATION**

GARAUFIS, United States District Judge.

      In this diversity action, pro se plaintiff Yoon Sik Moon ("Plaintiff") brought suit against Daniel Lee ("Lee") of Deco New York, Inc. ("Deco"), Total Companies, LLC ("Total"), and a John Doe defendant. The Plaintiff seeks to recover a real estate brokerage commission for property sold to Deco through Total, a transaction for which the Plaintiff contends he acted as the agent. This court, in a Memorandum & Order dated June 14, 2005, granted Total's motion for summary judgment. At this time, the court considers Lee's motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, in which Lee puts forth the same arguments previously submitted by Total. Lee argues that there is no evidence that a real estate brokerage contract was ever formed between the Plaintiff and Lee and that, even if there was such a contract, there is no evidence that the Plaintiff was the procuring cause for the sale of the property.

      For the reasons set forth below, Lee's motion for summary judgment is granted.

**I.     Background**

As an initial matter, the Plaintiff did not provide a counter-statement of material facts in response to the Lee's Statement of Undisputed Facts as is required by this court's Local Rules. See Local Rule 56.1. The court, therefore, has before it only the facts offered by Lee in support of his motion.[1] Despite having to primarily rely on the moving party to establish the relevant facts, these facts must still be viewed in the light most favorable to the Plaintiff, as he is the non-moving party. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). Moreover, the Plaintiff will be provided some additional latitude given that he is pro se. In any event, based on the totality of submissions, it seems plain that there is little dispute as to basic background of this case.

At some time prior to August 2001, Mr. Joseph Park, Vice President of Total contacted Lee by telephone to negotiate the terms of an agreement for the purchase and sale of a mortgage for a property known as Unit B at 78-14 Roosevelt Avenue, Jackson Heights, New York 11372 (the "Property") from Korea Asset Management Corporation ("KAMCO"). (Affidavit of Daniel Lee ("Lee Aff.") ¶ 4). Lee was acquainted with Mr. Park from an unrelated business dealing he had conducted with Total several years before. (Id.) On or about August 16, 2001, Lee, as principal of Deco and with the assistance of Total, entered into an agreement of purchase and sale of a mortgage for the Property from KAMCO. (Id. ¶ 5).

---

[1] The Plaintiff did respond to Lee's motion for summary judgment with a memorandum labeled "Answer and Opposing Summary Judgment Demand Jury Trial." In this memorandum, however, the Plaintiff does not raise any material disputed facts, but rather offers unrelated and irrelevant allegations concerning an unlicensed real estate broker.

The facts to this point appear undisputed. The dispute, however, centers on the manner in which the transaction described above came about. The Plaintiff asserts that he is owed a five percent real estate brokerage commission from the October 2001 sale of the Property because he alerted Lee to the existence of the building. (Pl. Compl. ¶ 3). The Plaintiff testified that he had a conversation with a KAMCO employee named "Mr. Baik" from which an agreement arose in which the Plaintiff would act as agent for the sale. (Pl.'s Dep. at 59-61). Baik allegedly told the Plaintiff to "bring [an] offer" for the sale of the Property. (Id.). Baik allegedly agreed to pay the Plaintiff a five percent brokerage commission for the sale of the Property. (Id. at 59-61, 63).

Lee, however, challenges the Plaintiff's account of his involvement in the real estate transaction. Lee states in his affidavit that he had "no arrangement, agreement, and/or agency relationship of any kind whatsoever with [the Plaintiff] or with his real estate agency, Empire Realty, for services as a finder or licensee or for information regarding, or in any other capacity with respect to [the Property], or the loan sale transaction with Korea Asset Management Corp." (Lee Aff. ¶ 2). Lee affirms that Joseph Park, Vice-President of Total, whom Lee knew previously, contacted him directly by telephone to personally negotiate the deal. (Id. ¶ 4). Lee asserts that there was "no written contract or commission agreement with Plaintiff" and that the Plaintiff "had no role whatsoever in initiating or consummating the title transaction." (Id. ¶¶ 3, 6).

## II. Summary Judgment Standard

Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party carries the burden of demonstrating the absence of a genuine issue of material fact.

3

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding a motion for summary judgment, the court must construe the facts in the light most favorable to the non-moving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and all reasonable inferences and ambiguities must be resolved against the non-moving party. Flanigan v. Gen. Elec. Co., 242 F.3d 78, 83 (2nd Cir. 2001).

The court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "A plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint." See Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 107 (2d Cir. 1981); see also Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998).

### III. Discussion

#### A. Whether a Contract Existed

Lee maintains that he is entitled to summary judgment because the Plaintiff has provided no admissible evidence that there existed an agreement under which the Plaintiff is owed a real estate brokerage commission. Indeed, the Plaintiff admits that he had no agreement with Lee or Deco for the payment of a brokerage commission.

Under New York law, a plaintiff seeking a real estate brokerage commission must prove that he has a contract with the party to be charged with paying the commission. Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 402 (2d Cir. 2001). Such a contract need not be in writing to be effective. Lane-Real Estate Dep't Store, Inc. v. Lawlet Corp., 28 N.Y.2d 36, 44 (1971). There may be an effective oral contract where the commissioning party accepts the broker's

4

services and understands that, in return for those services, the broker expects compensation. See Praedia Realty Corp. v. Durst, 650 N.Y.S.2d 739, 740 (2d Dep't 1996) (finding no implied brokerage contract in part because "the plaintiff failed to show that [the buyer] accepted the plaintiff's services upon the understanding that the latter expected compensation from [the buyer]."); Lane-Real Estate, 28 N.Y.2d at 44 (denying summary judgment because there was evidence that the broker and commissioning party had agreed upon the terms of an oral contract and the amount to be paid under it).

Here, the Plaintiff argues that he entered into an oral contract during a conversation he had with a KAMCO employee by the name of Baik. (See Pl.'s Dep. at 59-61, 63.) The Plaintiff admitted at his deposition that he had no agreement with Lee himself and that the only agreement he formed relating to the Property was with Baik. (Moon Depo. at 79.) As a result, it is clear that there is no triable issue of fact concerning whether the Plaintiff entered into an agreement with Lee.

Moreover, even presuming the existence of an agreement between the Plaintiff and Baik, acting on behalf of KAMCO, the Plaintiff has nonetheless failed to meet his burden in overcoming summary judgment. At no time in question did KAMCO hold title to the Property or have authority to sell the mortgage for the Property. (See Pl.'s Mot. Ex. B) (Bargain and Sale Deed). Furthermore, even assuming arguendo that the Plaintiff's agreement with Baik could somehow bind Lee, there still would be no triable issue of fact concerning the formation of an enforceable contract. The only support in the record for the Plaintiff's position that he formed an agreement with Baik are the Plaintiff's statements to that effect in the deposition of the Plaintiff taken by Total's counsel. But these statements are inadmissible hearsay and, therefore, cannot

defeat a motion for summary judgment.  See Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 160 (2d Cir. 1999) (plaintiff's "statement as to what he 'was told' was hearsay that would not be admissible at a trial" and therefore could not be considered on summary judgment); Medina v. New York City Dep't of Parks & Rec., No. 01 Civ. 7847, 2002 WL 31812681, at *5 (S.D.N.Y. Dec. 12, 2002) (same, citing Sarno).

Consequently, summary judgment in Lee's favor is appropriate.

### B. Whether the Plaintiff was the Procuring Cause

Lee further argues that even if there was a contract for a real estate brokerage commission, the Plaintiff cannot, as a matter of law, defeat summary judgment because the Plaintiff was not the procuring cause for the transaction.

Under New York law, a plaintiff seeking a real estate brokerage commission must prove that he was the procuring cause of the transaction.  Fieger, 251 F.3d at 402.  A broker does not, absent a special agreement, become a procuring cause simply by alerting the ultimate purchaser of an available piece of property.  Greene v. Hellman, 51 N.Y.2d 197, 206 (1980).  A broker must be "a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" of the transaction.  Id.  To be a procuring cause, a broker must at least show "that he created an amicable atmosphere in which the negotiations went forward or that he generated a chain of circumstances which proximately led to the sale."  Buck v. Cimino, 663 N.Y.S.2d 635, 637 (2d Dep't 1997).

The Plaintiff alleges that the Property was sold because of the information that he provided to Lee.  (Pl. Compl. ¶ 3.)  The record, however, belies this argument as the Plaintiff

admitted that he never even brought an offer to Baik. Thus, even assuming <u>arguendo</u> that a contract existed between the Plaintiff and KAMCO, the Plaintiff clearly failed to live up to its terms and would not be entitled to a commission under it.

Further, Lee has provided a sworn declaration that specifically rebuts the Plaintiff's allegations. In his affidavit, Lee states that the Mr. Park of Total was the procuring cause of the transaction, as he called Lee to negotiate the deal. Lee affirms that the Plaintiff was never involved in the consummation of the sale of the mortgage. This is further supported by evidence in the record: the 2001 Agreement for Purchase and Sale for the mortgage states that "[Deco] has not dealt with any broker in connection with the transaction." (Def.'s Mot. Ex. C). Again, the Plaintiff offers only conclusory statements and hearsay evidence to support his claim that he was the procuring cause of the transaction, and this alone will not defeat summary judgment.

## IV. Conclusion

For the foregoing reasons, Lee's motion for summary judgment is GRANTED.

SO ORDERED.

Dated: October 24, 2005 /s/ Nicholas Garaufis
      Brooklyn, N.Y. NICHOLAS S. GARAUFIS
                                                United States District Judge